Tang v. Sessions

BIA
Hom, IJ
A200 168 577

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        REENA RAGGI,
        DENNY CHIN,
             *Circuit Judges.*
_____

YING TANG,
        *Petitioner,*

        v.                                    16-3758
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Carl McIntyre,
                         Assistant Director; Kevin J.
                         Conway, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Tang, a native and citizen of the People's Republic of China, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Tang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Tang,* No. A200 168 577 (B.I.A. Oct. 7, 2016), *aff'g* No. A200 168 577 (Immig. Ct. N.Y. City May 20, 2015). Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), and address only the adverse credibility determination, applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For applications such as Tang's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," as well as inconsistencies in her statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. By these standards, substantial evidence supports the agency's determination that Tang was not credible as to her claim that Chinese family planning officials ordered her to terminate a pregnancy and attempted forcibly to sterilize her for violating China's family planning policy.

First, the agency reasonably relied in part on Tang's demeanor, noting that she became nervous, evasive, and unresponsive on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular

3

deference is given to the trier of fact's assessment of demeanor).  That finding is supported by the record.

Second, the demeanor finding and the adverse credibility determination are bolstered by record inconsistencies.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  The agency reasonably found Tang's interview statement that her husband had informed her that she had been ordered to report for an abortion inconsistent with her hearing testimony that family planning officials had come to her home to inform her directly of that reporting obligation. *See Xiu Xia Lin*, 534 F.3d at 165-67; *see also Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006).  The agency also reasonably noted evidentiary inconsistencies regarding the reasons family planning officials purportedly gave for targeting her for an abortion.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Tang did not provide compelling explanations for these inconsistencies.  *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony." (internal quotation marks omitted)).

4

Finally, having questioned Tang's credibility, the agency reasonably relied on her failure to rehabilitate her credibility with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit Tang's husband's letter because it was unsworn and her husband was an interested party who was not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given these demeanor and inconsistency findings, as well as the lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination such that no reasonable factfinder would be "compelled to conclude to the contrary." *Majidi*, 430 F.3d at 79. That determination is dispositive of Tang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk of Court